## Commonwealth *ex rel.* Clowes *et al. versus* Dickinson.

An Act of Assembly directed the chief commissioner of highways to open Volkmar street in the city of Philadelphia. An alternative mandamus issued from the court below to compel the commissioner to open said street in conformity with said act. He made return that there was no such street as Volkmar street. The relators demurred on the ground that said return contradicted the statute. The court entered judgment for the respondent on the demurrer: *Held*, not to be error.

February 8th 1877.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of January Term 1875, No. 178.

This was a proceeding by the Commonwealth, at the relation of Archibald W. Clowes and others, for a mandamus to compel Mahlon H. Dickinson, the commissioner of highways in the city of Philadelphia, to open Volkmar street.

The General Assembly passed the following act in relation to said street:—

" An Act to authorize the laying out, opening and laying of water-pipes in Volkmar street, in the city of Philadelphia.

" Sect. 1. Be it enacted by the senate and house of representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same,

" That Volkmar street, in the city of Philadelphia, is hereby laid out as a public highway from Hanover street to Palmer street, of the same width as the same is now opened on the east side of Hanover street; within sixty days from the passage hereof the same shall be opened for public use by the chief commissioner of highways of the city of Philadelphia, and it shall be the duty of the chief engineer of the water department of said city, within thirty days after the said Volkmar street shall be opened, as is provided by this act, to lay water-pipe in said highway or street between the points named; any owner or resident on said street shall have the right to file a petition in the Court of Common Pleas to secure obedience to this act by the officers herein named."

This act was approved March 20th 1873 (Pamph. L. 330). Under it water and gas-pipes were laid, and the chief commissioner of highways was requested to proceed with the opening. He refused.

A petition was filed which, after a reference to the provisions of the foregoing act, set forth that the petitioners are severally owners of property on said Volkmar street, and that said Dickinson .is chief commissioner of highways; that as such officer he was requested to proceed in the performance of the duty imposed on him by said act, and that he has refused to open said street, as directed, and they, therefore, prayed that he be commanded " to open for public

[Commonwealth v. Dickinson.]

use Volkmar street, as laid out, from Hanover street to Palmer street, as directed by said act."

An alternative mandamus issued, and the defendant, *inter alia*, returned, "that he is advised, and therefore avers, that the Act of Assembly referred to in the petition is incapable of being carried into execution by him, for the reason that there is no street in the city of Philadelphia of the name of Volkmar street between Hanover and Palmer streets, or anywhere else, so far as the respondent is informed or believes."

To this return the relators demurred on the ground that it was insufficient, "in that it contradicts the statute as to the existence of Volkmar street."

The court entered judgment for the defendant on the demurrer, which was the error assigned.

*David W. Sellers* and *John Roberts*, for relators.

*Robert N. Willson* and *Charles H. T. Collis*, for respondent.

Mr. Justice PAXSON delivered the opinion of the court, March 28th 1877.

The Act of March 20th 1873 (Pamp. L. 330), directs the chief commissioner of highways of the city of Philadelphia to open Volkmar street, from Hanover street to Palmer street, within sixty days from the passage of said act. An alternative mandamus was issued by the court below, directed to the defendant, for the purpose of compelling him to open said street in conformity to the said Act of Assembly. To this writ the defendant made return that "he is advised and therefore avers that the Act of Assembly which is referred to therein is incapable of being carried into execution by him, for the reason that there is no street in the city of Philadelphia of the name of Volkmar street, between Hanover and Palmer streets, or anywhere else, so far as this respondent is informed or believes." To this return the relator demurred. The court below entered judgment for the defendant upon the demurrer, which ruling is assigned for error.

It was contended that the return is evasive, and contradicts the Act of Assembly; that in point of fact there was a private way known as Volkmar street, which has been used as a highway for some time, and that it was to this the Act of Assembly was intended to apply. All this, however, is outside of the record. Nothing of the kind appears in the Act of Assembly, or in the petition of the relator. Had such fact been set forth in the petition, there would have been more ground for the assertion that the return was evasive. In such case it might have been the duty of the defendant to deny the existence of a way known as Volkmar street. As it stands the denial of the defendant is as broad as the allegation of the petition.

[Commonwealth *v.* Dickinson.]

But it is said the answer contradicts the Act of Assembly; that as the latter has declared such a street to exist, nothing can be received to gainsay it; in other words, that such a street exists as a matter of law. But if it does not exist as a matter of fact, how is the defendant to open it? The act does not require him to lay out a new street where none existed before. We must apply the ordinary rules of pleading to this case. The demurrer admits the truth of the return. It was competent for the relator to have taken issue upon the return, and to have had this question of fact determined in the usual way. As he has not done so, he is concluded by the return, and the court below committed no error in entering judgment for the defendant upon the demurrer.

Judgment affirmed.

Chief Justice AGNEW filed a dissenting opinion.