MAY TERM, 1881, No. 87.          MAY 4th, 1881.

## Welchans *versus* Commonwealth *ex. rel.* Shirk.

Where a petition for a mandamus to the respondent, directing him to deliver up certain books and moneys, set forth that the respondent was by joint resolution of city councils suspended from his office of city treasurer and receiver of taxes, and that the relator was appointed in his place, but did not show affirmatively that an affidavit had been made, by a majority of the committee verifying his account, to a default therein, as required by the section of the charter authorizing removal ; and the answer of the respondent alleged that he had at all times conducted himself faithfully, honestly, and carefully in his office, and had never given cause for suspension, that councils had no right to remove him, and that he was still the treasurer and receiver of taxes. *Held*, that on demurrer the answer was sufficient.

ERROR to the Common Pleas of *Lancaster County.*

This was a petition for a mandamus, by William S. Shirk, the plaintiff in the Court below, which set forth that Edward Welchans was, April 5th, 1880, elected by the councils of the city of Lancaster, treasurer and receiver of taxes, to serve for one year, subject to the right of suspension or removal by said councils as provided by law ; that, January 5th, 1881, the said councils by joint resolution suspended him from his office, and January 7th, 1881, by joint resolution the said suspension of Welchans was continued, and on the same day the petitioner was appointed or chosen by said councils in joint convention to hold the said office of treasurer and receiver of taxes during the term of said suspension ; that the petitioner has taken the oath as prescribed by law and given bond, which was duly approved ; that the said Welchans late treasurer has in his possession or under his control a large sum of money belonging to the city of Lancaster, believed on information to be between $20,000

and $25,000, and certain account books and other property belonging to the city of Lancaster, which moneys, books, and other property are necessary for the proper management of the financial interests of the city of Lancaster, and for conducting the affairs of the treasurer's office, and all of which the said Welchans has refused on demand to deliver to the petitioner.

The answer of Edward Welchans, the respondent, returned that April 5th, 1880, he was elected by the councils of the city of Lancaster, treasurer and receiver of taxes for one year, that he gave bond duly approved, took the oath prescribed, and entered on the duties of his office, but denied that the said councils had the right to remove him; that he has at all times conducted himself faithfully, honestly, and carefully in his office as treasurer and receiver of taxes, and has never given cause for suspension from the same; that he is informed that councils of said city did January 5th, 1881, pass a joint resolution purporting and attempting to suspend him from his said office, but he alleges and declares that such resolution is inoperative and void, and the attempted suspension illegal, invalid, and of no effect; that he was January 7th, 1881, and is now treasurer of the city of Lancaster and receiver of taxes; that William S. Shirk was not legally appointed treasurer and receiver of taxes of the said city of Lancaster, and is not now such treasurer and receiver; that he has in his possession as such treasurer and receiver of taxes $11,527.21, and certain books (describing them), and that under the laws governing the tenure of said office and defining the duties of its occupant, he cannot deliver over the moneys, books, and papers in his hands belonging to his said office until the expiration of his term of office, viz., April 4th, 1881, or to any other person other than his successor in office, who cannot be until that day elected.

To this answer there was a general demurrer, followed by a joinder in demurrer.

On the 14th of February, 1881, the Court ordered judgment to be entered on the demurrer for the Commonwealth, and awarded a peremptory writ of mandamus, saying : " He failed or omitted to set forth wherein his suspension is illegal and invalid, or wherein the relator's appointment to the office by the select and common councils was not a legal appointment. In other words his return is argumentative and inferential and not specific and certain. . . . But to the reply to the respondent's return that he was the treasurer of Lancaster city at the issuing of this writ, the adverse judgment of this court is already judicially recorded.

[Welchans *v.* Commonwealth *ex. rel.* Shirk.]

The question of authority to suspend the respondent as treasurer aforesaid, has been decided by the president judge of this court in his opinion announced on the 11th of January last in a case between these identical parties on a motion to dissolve a preliminary injunction. . . . The legal authority of councils to suspend the city treasurer under certain contingencies and to appoint or elect a successor to serve until the next annual election cannot be doubtful or questionable."

*William Aug. Atlee* and *J. Hay Brown* for plaintiff in error.

The controversy is as to the legality of the removal of the respondent and the election of the relator. It was the duty of the relator to sue out a writ of *quo warranto.* No court has yet tried title to office by writ of *mandamus:* Leslie *v.* The County Commissioners, 5 Rawle, 75; Commonwealth *v.* Commissioners of the County of Philadelphia, 6 Wharton, 476 ; The King *v.* The Mayor of Colchester, 2 Term Rep., 259 ; Rex *v.* Ward, 2 Strange, 894; King *v.* Harris, 3 Burr, 1422; Commonwealth *v.* Commissioners, 2 Parson, 220.

It lies on the relator to show the legality of the proceeding. He nowhere shows the right of councils to suspend or that the necessary preliminary steps were taken. The new charter granted to the city of Lancaster by act of April 5th, 1867, says:

" The said treasurer shall verify his cash account at least once in every month to the satisfaction of a standing committee of councils, and upon the affidavit of a majority of such committee to any default therein, the said treasurer may be suspended from office." . . . . No affidavit of deficiency was ever made. No committee verified the cash account. .

*D. G. Eshleman, George M. Kline, Charles J. Landis* and *J. L. Steinmetz* for defendant in error.

The title to the office is not in controversy. The plaintiff in error refused to verify his accounts before the proper committee. They discovered a deficit and unanimously made affidavit as required by the act of Assembly. It must be presumed that they proceeded according to law. It was not necessary to set forth in the petition the reasons which induced councils to act. Every allegation of a return must be direct: Commonwealth *v.* Commissioners of Allegheny, 8 Casey, 218 ; Heffner *v.* Commonwealth, 4 Casey, 108. Mandamus is the proper remedy : 1 Dillon *v.* Corporations, 2d ed., § 239 ; Tapping on Mandamus, 50, 94 ; People *v.* Killduff, 15 Ill., 492.

[Welchans *v.* Commonwealth *ex. rel.* Shirk.]

The opinion of the Court was delivered by GREEN, J.

In this case the sole contention of the parties arises upon the pleadings. These consist of a petition for a mandamus, an answer, and a demurrer to the answer. The petition alleges that the respondent was elected treasurer and receiver of taxes of the city of Lancaster, to serve for one year from the 5th day of April, 1880, subject to the right of suspension or removal as provided by law. That on January 5th, 1881, by joint resolution of the city councils, the respondent was suspended from his office, and that on January 7th, following, the said suspension was, by another resolution, continued until further action ; and, on the same day, the petitioner was appointed to the same office. That the petitioner had duly qualified for the office, and that the respondent held in his possession certain moneys and books belonging to the city, which he refused to deliver to the petitioner, upon demand made, and which were necessary for the proper management of the financial interests of the city. A mandamus is asked to compel the delivery of the money and books referred to. To this petition the respondent filed an answer, in which he stated his due election to the office in question ; that he gave bond, which was approved ; took the prescribed oath and entered upon the duties of the office; but denies that the councils had the right to remove him. He further alleges that he at all times conducted himself faithfully and honestly in his office, and never gave any cause for suspension therefrom ; that he was informed of the passage of the resolution of suspension, but avers that it was inoperative and void, and that the attempted suspension was entirely illegal and of no effect. He further alleges that he was, on January 7th, 1881, and, up to the time of subscribing the answer still was, treasurer and receiver of taxes of Lancaster city, and that the petitioner was not legally appointed to the office, and was not such treasurer and receiver. To this answer the petitioner filed a general demurrer, and the respondent filed a joinder. The Court, holding the answer was insufficient, gave judgment against the respondent, and awarded a peremptory writ of mandamus. In this there was clear error. The demurrer admitted the truth of the facts set out in the answer. Both the petition and the answer concurred in asserting the due election of the respondent to the office, and the answer averred the subsequent qualification and entry by the respondent upon the duties of the office. He was, therefore, at the time the petition was filed, the lawfully elected, qualified, and acting officer of the city. Thus holding the office, he could not be arbitrarily deprived of it. No right to deprive him of it, except according to

law, is alleged, but no suspension or removal in accordance with the law is in any manner averred in the petition. Nothing more is asserted than actual suspension by resolution. Copies of the resolutions are appended to the petition, but they contain no mention of any cause of removal. Moreover, the answer alleges that the respondent at all times behaved himself in his office faithfully, honestly, and carefully, and never gave cause for suspension from the same. The demurrer admits this to be true, and yet the Court gave an adverse judgment. An attempt is made to defend the action of the Court by referring to the 25th section of the city charter (act of April 5th, 1867), which confers authority to remove the treasurer. The clause in question is in the following words : " The said treasurer shall verify his cash account at least once in every month, to the satisfaction of a standing committee of councils ; and upon the affidavit of a majority of such committee to any default therein, the said treasurer may be suspended from office, and another appointed until the further action of councils." It will be seen at once that the right to suspend only arises upon the affidavit of a majority of the committee being made to a default by the treasurer in the verification of his account. But no such affidavit is alleged, nor any default by the treasurer. Where, then, do the councils get the power to suspend? The fundamental facts, upon which alone the power is based, are neither alleged nor proved. More than that, the answer affirmatively avers that the respondent never gave any cause for suspension, and the demurrer admits this to be true. In order to sustain the judgment of the learned Court below, we would be obliged to presume the existence of a cause of suspension without any proof, without even an allegation to that effect, and, in the face of an assertion by the respondent that there never was such a cause, which assertion the petitioner admits to be true. The mere statement of this proposition is enough. Argument is quite unnecessary. We have no authority to make any such presumption in such a state of the record.

> Judgment reversed, and judgment is now entered here on the demurrer in favor of the respondent, with costs.