## Commonwealth ex rel. Curran, Appellant, v. Philadelphia.

*Municipal contracts—Contracts—Retained percentage—Discretion of Director of Public Works—Mandamus.*

The ten per cent deposit by a contractor with the city of Philadelphia, under the ordinance of December 24, 1881, is not merely to furnish a quick and convenient special remedy, but is an additional and cumulative security for the performance of the whole contract; and this being so the question of satisfactory performance is one involving the discretion of the director of public works, and therefore mandamus will not lie to secure a return of it.

Argued Jan. 17, 1905. Appeal, No. 150, Jan. T., 1904, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1903, No. 2835, refusing peremptory mandamus in case of Commonwealth ex rel. James Curran v. City of Philadelphia, Peter E. Costello, Director of the Department of Public Works and Henry R. Shoch, City Treasurer. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Petition for mandamus by a contractor to secure a return of a ten per cent deposit on a municipal contract. Before MARTIN, P. J.

The opinion of the Supreme Court sets forth the material portions of all the papers relating to the case. In addition to the facts stated in the opinion, it appeared that on January 2,

1904, the petitioner requested the director of the department of public works to deliver to him an order on the city treasurer, to enable him to obtain the return of the ten per cent which he had deposited in accordance with the terms of the ordinance and contract. The director refused to deliver the order. A petition was filed setting forth the facts and praying for an alternative mandamus requiring the execution and delivery of the order by the director and payment by the city treasurer to the petitioner of this sum of $17,200. An alternative writ having been allowed and duly served, a return thereto was made in which it was averred that the contract was not fulfilled or performed to the satisfaction of the director of the department of public works, and that default was made and the work neglected and imperfectly performed; that streets were not adequately or properly kept clean; and that in addition to the specific neglect, omissions and defects, for which fines and penalties were imposed in accordance with the specifications, default was made in the performance of the contract, and the streets were not properly cleaned as stipulated by its terms. The relator filed a demurrer, alleging the return was defective, both in form and substance.

The court overruled the demurrer and made an order refusing the mandamus.

*Alex. Simpson, Jr.*, with him *Samuel Goodman, Jr.*, and *William Findley Brown*, for appellant.—Each month the director passed upon the question of deductions and made an award of the balance due, and warrants were drawn and delivered to the relator therefor. By making these twelve awards he exhausted his power to make deductions and he cannot now alter his conclusions to conform to his changed views if he has any: Klingensmith v. West Leechburg Steel, etc., Co., 17 Pa. Superior Ct. 210; Hartley v. Henderson, 189 Pa. 277; Harlow v. Homestead Borough, 194 Pa. 57; Phila. v. Bickley, 2 Sadler (Pa.), 214.

Mandamus will lie to compel the director to execute and deliver an order upon the city treasurer for the surrender of the ten per cent deposit: People ex rel. v. Board of Police, 75 N. Y. 38; Board of Directors v. Arnold, 60 Ill. App. 328; Apgar v. School Trustees, 34 N. J. L. 308; Raisch v. Board of Edu-

cation, 81 Cal. 542 (22 Pac. Repr. 890) ; Swift v. New York, 83 N. Y. 528 ; Portland Stone Ware Co. v. Taylor, 17 R. I. 33 (19 Atl. Repr. 1086) ; Missouri ex rel. v. The Justices, 48 Mo. 475 ; Hospital v. Higgins, 15 Ill. 185 ; Com. ex rel. v. Select & Common Councils of Pittsburg, 34 Pa. 496 ; McManus v. School Controllers, 7 Phila. 23 ; Osborn v. Selectmen of Lenox, 84 Mass. 207 ; Roberts v. United States, 176 U. S. 221 (20 Sup. Ct. Repr. 376) ; Com. ex rel. v. Commissioners, 32 Pa. 218; Com. ex rel. v. Phila., 176 Pa. 588 ; Com. ex rel. v. Jones, 192 Pa. 472.

*Ernest Lowengrund,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellees.—Mandamus will not lie: Ackerman v. Buchman, 109 Pa. 254 ; Welchans v. Shirk, 98 Pa. 17 ; Miller v. Canal Commissioners, 21 Pa. 23 ; Lansdowne Boro. v. Upper Darby Twp., 9 Pa. Dist. Rep. 694 ; Com. v. Rosseter, 2 Binney, 360 ; Com. v. Cochran, 5 Binney, 87 ; Ins. Co. v. Com., 92 Pa. 72 ; Com. v. Thomas, 163 Pa. 446 ; Heffner v. Com., 28 Pa. 108 ; Com. v. Commissioners, 16 S. & R. 317 ; Com. v. Mitchell, 2 P. & W. 517 ; Hester's Case, 2 W. & S. 416 ; Bank v. Ziegler, 11 Pa. Dist. Rep. 771.

Where a contract is to be performed to the satisfaction of one of the parties, it must be alleged and proven that he was actually satisfied, unless his dissatisfaction be the result of mere caprice or fraud : Seeley v. Welles, 120 Pa. 69 ; Singerly v. Thayer, 108 Pa. 291 ; Howard v. Smedley, 140 Pa. 81 ; Hostetter v. Pittsburg, 107 Pa. 419.

Parties may provide for as many different securities for the same obligation as may be agreed upon, and it is open to the holder thereof to pursue any or all of them at his option : Jennings v. Loeffler, 184 Pa. 318.

Opinion by Mr. Chief Justice Mitchell, March 6, 1905 :

The relator, Curran, entered into a contract with the city of Philadelphia to clean certain streets during the year 1903 for the sum of $172,000 and in compliance with the requirements of his contract and the ordinance of December 24, 1881, he deposited ten per cent of the contract amount, to wit: $17,200, in cash with the city treasurer. He also gave bond with security under other ordinances for the performance of his con-

tract.   At the close of the year 1903 he demanded of the director of public works an order on the city treasurer for the return of his deposit of $17,200, and this being refused he brought this suit.

The first question is whether mandamus will lie.   That depends on the terms of the deposit, and the nature of the duty to return it.   The claim of appellant is that the deposit is not a general security for due performance of the contract, that being provided by the bond with surety, but is a special and limited security to enable the director of public works to have done promptly any work which the contractor has neglected and to pay for the same by drawing on such special fund.   At the end of the year if the fund has not been drawn upon for that purpose the contention is that the function of the fund has ended and the duty of returning it is absolute and ministerial, and the facts not being disputed the duty may therefore be enforced by mandamus.

In support of this view it is urged that the general regulations for proposals subject to which the contract was made, provided inter alia that:

" 1. Contractors shall, within ten days after the award of the contract, deposit with the city treasurer ten per cent of the amount of each contract awarded, in cash, and also enter into bond, as provided by ordinance, to be approved by the city solicitor, in one half the amount of such contract.   A penal bond in proportionate amount of contract is also required."
And further:

" 9. Failure to comply with any part of the contract, or of these specifications shall be cause for the director of the department of public works, without notice to the contractor, to employ sufficient force to have the work contracted for properly done, and to pay for the same out of the fund deposited as a security by the contractor."

The contract itself provides, " And if, upon the 31st day of December 1903, the said contract be completed to the satisfaction of the said director, then the said party of the second part shall be given an order upon the said city treasurer for the surrender of the ten per centum deposited as a guarantee for the faithful performance of the same."

Then as bearing on the general security for performance it

is pointed out that the contractor gave a bond with surety in the sum of $86,000, which is available to secure the city for any loss by the contractor's default; and the city has further protected itself by the terms and mode of payment for the work admittedly done. By the contract it was provided that "Payments will be made in equal monthly installments, except for the months of January, February and March. During the said months, one half the regular monthly installments shall be paid, less deductions for noncompliance with this contract, and if on or before the first day of April, the whole district shall be cleaned to the satisfaction of the said director, then any balance of the amount so retained shall be paid to the said party of the second part. Should the streets not be so cleaned by the said first day of April, then the amount retained shall remain the property of the said city of Philadelphia." The contract further gave the director of public works final and exclusive authority to make such deductions for noncompliance, and the relator's petition avers and the director's answer does not deny that the director did in fact make deductions from month to month, thus leaving in the city treasury a large part of the contract price, besides the cash deposit of $17,200 none of which had been used to pay for work done by order of the director to make good the contractor's default.

If the contention of appellant, thus set forth, is sound, that the deposit was not a part of the general security for the city but an additional special and limited security only to furnish an available fund to enable the city to have omitted work done promptly, and the contract time having expired without any of it being so used, then it is quite clear that the purpose of the deposit was ended, and the duty to return it was absolute and ministerial. In such case mandamus to the official would lie.

On the parts of the contract thus far mentioned, appellant's case makes a strong presentation. But other parts do not look the same way, especially when viewed in connection with the acts of the parties. Thus when appellant paid in the deposit to the city treasurer, he accepted a receipt for it in the following form, "said amount being deposited with the city treasurer as a guarantee of the performance of the said contract and with this distinct understanding and agreement, to wit: That if said James Curran shall fail to comply with all the terms of said

contract, and to do all work coming within the limits of the specifications thereto attached, and the director of the department of public works shall do such neglected work, then the said director may charge the expense thereof, and the penalty incurred by such noncompliance against said James Curran, and may draw from the city treasurer to an amount not exceeding the ten per centum as herein set forth. Should the said contract be completed to the satisfaction of the said director, the said ten per centum, or any part thereof remaining, shall be surrendered to the said James Curran."

Further, the contract itself as already quoted provides that the order for the surrender of the ten per centum deposited as a guarantee for the faithful performance of the same shall be given if " the said contract " shall be completed " to the satisfaction of the director."

Both parties thus seem to have assumed at the time that the satisfaction of the director with the completion of the whole contract was a factor in regard to the return of this deposit as well as in regard to the general security under the bonds. And when we turn to the ordinance requiring the deposit, we find that that is apparently the intent of the requirement. Its language is " cotemporaneous with the execution of the contract, 10 per cent of the amount of the contract shall be deposited with the treasurer to secure the fulfillment of said contract, said deposit to be returned at the end of the contract if there be no default.". As this is the law under which the contract was entered into, and everything in connection with it was done, its provisions are decisive and must govern the interpretation.

We are brought, therefore, to the conclusion that the ten per cent deposit was not merely to furnish a quick and convenient special remedy, but was an additional and cumulative security for the performance of the whole contract. This being so the question of satisfactory performance is one involving the discretion of the director of public works and, therefore, mandamus will not lie.

Judgment affirmed.