# Deal v. Erie Coal & Coke Company, Appellant.

*Corporations—Stock—Pledge of stock—Transfer of stock sold to satisfy a debt—Officers of corporations—Refusal to transfer stock—Mandamus—Act of June 8, 1893, P. L. 345.*

1. The purchaser of the stock of a corporation sold in satisfaction of a debt for which the stock was pledged, is entitled to compel by mandamus a transfer of the stock on the books of the corporation and the delivery of a proper certificate therefor.

2. A petition for mandamus to compel the president and secretary of a corporation to transfer stock on the books of the company, alleging that petitioner had purchased at public sale after due notice, the shares which had been pledged by the owner as collateral security for loans the dates of which were given, that the sale was made in strict compliance with the agreement of the parties to the loan and because of the default of the borrower, and that defendants had refused to make the transfer, though requested so to do at the principal office of the company, sufficiently complies with the Act of June 8, 1893, P. L. 345.

3. Where in such case the return did not deny the averments of the petition, but alleged that one of defendants had procured of the pledgor an option to purchase the stock, and had given due notice of his intention to exercise the option, the date of which optional agreement was subsequent in time to the pledging of the stock, the court made no error in entering judgment for plaintiff on demurrer to the defendant's return.

Argued March 10, 1914. Appeal, No. 14, Oct. T., 1914, by defendants, from judgment of C. P. Somerset Co., Dec. T., 1913, No. 29, for plaintiff on demurrer to return

to petition for writ of alternative mandamus in case of Levi Deal v. Erie .Coal & Coke Company, Fred Rowe, President; H. L. Miller, Secretary and Treasurer. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for mandamus. Before RUPPEL, P. J.

The opinion of the Supreme Court states the facts.

The plaintiff demurred to defendants' return; the court sustained the demurrer and entered judgment for plaintiff. Defendants appealed.

*Error assigned* was the judgment of the court.

*J. A. Berkey,* with him *C. L. Shaver,* for appellants.

*Chas. F. Uhl, Jr.,* with him *Ross R. Scott* and *C. W. Walker,* for appellee.

PER CURIAM, March 30, 1914:

It is the right of the purchaser of stock of a corporation sold in satisfaction of a debt for which it is pledged, to require a transfer of the stock on the books of the corporation and the delivery of a proper certificate therefor: Act June 24, 1895, P. L. 258, and a mandamus is the appropriate remedy for the enforcement of a transfer, Sproul v. Plate Glass Co., 201 Pa. 103. The petition for a mandamus conformed to the requirements of Section 2, of the Act of June 8, 1893, P. L. 345, which provides that the petitioner shall set forth "the facts upon which he relies for the relief sought, the act or duty whose performance he seeks, his interest in the result, the name of the person or body at whose hands performance is sought, demand and refusal to perform the act or duty and that the petitioner is without other adequate and specific remedy at law." It was averred by the petitioner that he purchased at a public sale made after due notice, shares of stock of the Erie Coal and

Coke Company, which had been pledged by the owner thereof as collateral security for loans of money the dates of which are given; that the sale was made in strict compliance with the agreement of the parties to the loans and because of the default of the borrower and that an amount sufficient to discharge the debt was not realized; that the petitioner presented the stock certificates which had been issued and powers of attorney for transfer thereof to the president and treasurer of the company at its principal office and demanded new certificates and that this demand was refused. Of these averments there was no denial by the return but it was alleged that one of the defendants, who was treasurer of the company, had procured of the pledgor of the stock an option to purchase it and had given due notice of his intention to exercise his option. The date of the optional agreement set out was subsequent in time to the pledging of the stock as collateral and manifestly it was subordinate to the right previously given to the pledgees and acquired by the purchaser at their sale. There was nothing in the returns that raised an issue of fact and the demurrer was properly sustained.

The judgment is affirmed.