## Commonwealth ex rel. Wilde *v.* Pennsylvania Silk Co. et al., Appellants (No. 2).

*Mandamus — Parties — Corporations — Inspection of books — Treasurer—Pleadings—Answer—Demurrer.*

Where a petition for a mandamus to permit the inspection of the books of a corporation, names the corporation and its officers as respondents, and the answer denies that the person named as treasurer, was in fact the treasurer, or that he had authority to give relator access to the books, and a demurrer is filed to the answer, a decree against the respondents should not include the name of the party designated as treasurer, inasmuch as the demurrer admitted the averments of the answer to be true.

Argued March 10, 1920.    Appeal, No. 231, Jan. T., 1920, by Harvey D. P. Dietrich, from judgment of C. P. Northampton Co., July T., 1919, No. 47, for relator on petition for mandamus in case of Com. ex rel. Henry Wilde v. Penna. Silk Co., a corporation; D. H. Keller, President; Harvey D. P. Dietrich, Treasurer, and Levan B. Flory, Secretary of said corporation.    Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.    Reversed.

Petition for mandamus.

The answer to the petition denied that Harvey D. P. Dietrich was treasurer of the company or that he had any authority to give the relator access to the books. Plaintiff demurred to the answer.

The court entered judgment for relator.

Harvey D. P. Dietrich appealed.

*Error assigned* was decree of court, including name of appellant.

*H. M. Hagerman,* for appellant.

*Asher Seip,* with him *Everett Kent,* for appellee.

PER CURIAM, April 19, 1920:

The answer of the respondents to the petition for the writ of mandamus denied that Harvey D. P. Dietrich, this appellant, was treasurer of the corporation, or that he had any authority to give to the relator access to its books. As the demurrer admitted this to be true, judgment should not have been entered against him. His appeal is, therefore, sustained and the judgment as to him is reversed.