# Commonwealth ex rel. *v.* Hamilton et al.

*Bridges—County bridges—Failure of commissioners to complete —Mandamus.*

Where the county commissioners have concurred in a report of a grand jury, subsequently approved by the court of quarter sessions, that a certain bridge should be entered of record as a county bridge, and be reconstructed as such, they must complete the bridge including the approaches thereto.

The fact that the commissioners claimed that the township supervisors had agreed to construct the approach is no defense to a petition for a writ of mandamus to compel them to complete the work.

Argued November 21, 1922. Appeal, No. 274, Oct. T., 1922, by plaintiff, from judgment of C. P. Delaware Co., Sept. T., 1921, No. 512, entering judgment on demurrer in favor of defendants in the case of Commonwealth ex rel. William Taylor, District Attorney, v. James M. Hamilton, Robert J. Burley and Thomas F. Feeley, County Commissioners of Delaware County. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for a writ of mandamus to County Commissioners of Delaware County requiring them to construct an approach to a county bridge. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

On demurrer to the petition the court sustained the demurrer and entered judgment in favor of the defendants. Plaintiff appealed.

*Error assigned,* among others, was the judgment of the court.

*A. B. Geary,* of *Geary and Rankin,* for appellant.— The approaches and wing walls leading to a county bridge are part of the bridge and must be constructed and maintained by the county. There is no liability upon the township or borough to construct or maintain the approaches: Penn Township v. Perry Co., 78 Pa. 457; Com. v. Loomis, 128 Pa. 174; Westfield Borough v. Tioga Co., 150 Pa. 152; Francis et ux. v. Franklin Township, 179 Pa. 195; Williamsport v. Lycoming Co., 34 Pa. Superior Ct. 221.

*Albert J. Williams,* for appellee.

Opinion by Linn, J., December 14, 1922:

The relator, district attorney of Delaware County, appeals from judgment for the county commissioners entered on his demurrer to their answer to his petition for a mandamus to compel them to complete a county bridge partially constructed and left unfinished. The case was heard below on petition, answer and demurrer.

The petition averred that in 1912, the quarter sessions appointed a jury of view to determine whether a bridge over Muckinnipitus Creek where it flows across Glenolden Avenue, between Glenolden Borough and Darby Township in Delaware County, was necessary and would be too expensive for the township and the borough to build; that the jury duly reported the bridge was necessary and would cost more than the township and the borough should pay; that it should be entered of record

as a county bridge and should be constructed by the county; that the grand jury thereafter approved and concurred in said report, and that the quarter sessions then concurred therein; that thereafter the county commissioners concurred in the report and that the bridge was duly recorded as a county bridge. The steps so taken are authorized by statute: section 35, Act of June 13, 1836, P. L. 551; Youghiogheny River Bridge, 2 Pa. Superior Ct. 265, and 182 Pa. 618; Com. ex rel. v. Kessler, 222 Pa. 32; and having been had, as averred, definitely adjudicated certain facts which lie at the bottom of this proceeding.

Accordingly, the petition averred, the county commissioners built a concrete bridge over the creek, on the location specified, the floor of the bridge being some feet above the level of the land at either end. To make the structure accessible for travel, it is averred, requires the construction of an approach on the Darby Township side, and that the commissioners have refused to construct it.

The answer admits the averments so summarized and states two reasons for refusing: first, that before the commissioners (predecessors in office of respondents) concurred in the report and before the bridge was recorded as a county bridge, the supervisors of Darby Township agreed with the commissioners as a condition of their concurrence, that Darby Township should build the necessary approach to the bridge on the township side, without which agreement, respondents said, their predecessors in office would not have concurred; second, "the road" (to the bridge on the township side) "has not been opened."

The relator demurred: 1, that the Commonwealth is not bound by the alleged agreement between the commissioners and the supervisors; 2, that if there was such agreement, it was insufficiently averred; 3, that the answer did not deny that the creek flowed across the public highway duly authorized and directed to be opened

by the quarter sessions, and that the bridge was part of it.

The court below gave no reason for its conclusion beyond stating it was authorized by Com. v. Dickinson, 83 Pa. 458. We do not so understand it. That case arose on a petition for a writ of mandamus to open Volkmar Street pursuant to an act of assembly directing the opening, and the respondent answered there was no such street in Philadelphia. The relator demurred, thereby admitting there was no Volkmar Street to open; he was concluded by the return and judgment for defendant was required.

In the present appeal, the answer admits the averments in the petition, that the bridge is "necessary over the said Muckinnipitus Creek where the said creek crosses the said Glenolden Avenue and said public road leading to Calcon Hook road, on the line between the said Township of Darby and the said Borough of Glenolden," and that everything, as already stated, was done to make it a county bridge on the line of the highway described as existing. This is not denied by the general, informal answer "the road......has not been opened." Equally unavailing is the averment that the commissioners and the township supervisors made the agreement about the construction of the bridge approach. The statutory proceedings duly had as outlined, cannot be collaterally affected by such averments. Pursuant to the proceedings the construction of the bridge was undertaken, but it has only been partially built; it lacks a necessary approach. The record contains nothing excusing the commissioners from finishing their work. The structure now is some feet above the level of the land; it is an obstruction to travel along the highway of which it should form part. The approach is as much a part of the bridge as the floor itself. "And how can a bridge be said to be completed without the proper means of access? Certainly this is so necessary to its use, that without it, the structure is a vain thing; utterly useless and of no

244 COMMONWEALTH ex rel. *v.* HAMILTON et al.

account. The bridge is incomplete until everything necessary for its proper use has been supplied, and every such necessary appliance is part of the bridge": Penn Township v. Perry County, 78 Pa. 457, 459.

The judgment is reversed and the record is remitted with instructions to enter judgment in conformity to this opinion.