Bailey et al. *v.* Boxboard Products Company et al., Appellants.

Argued November 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Jay W. Sechler,* for appellants.

*Edwin A. Lucas* and *Henry S. Drinker, Jr.,* of *Drinker, Biddle & Reath,* for appellees, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, January 15, 1934:

This appeal is from a judgment of the Court of Common Pleas No. 4 of Philadelphia County awarding a peremptory writ of mandamus commanding appellants to permit petitioners to examine corporate records. Appellees are stockholders of Boxboard Products Company (herein referred to as Boxboard Company), and allege in their petition irregularities in management of defend-

ant companies resulting in secret profits to the individual defendants, who are directors and the principal officers in both defendant corporations. The Boxboard Products Company is a Delaware corporation with its principal place of business in the City of Philadelphia. The other corporate defendant, the Philadelphia Paper Manufacturing Company (hereafter called Paper Company), is a corporation organized under the laws of Pennsylvania with its principal place of business also in Philadelphia. The Paper Company became a controlled subsidiary of Boxboard Company in 1925, when the stockholders of the former company exchanged their shares for stock in the latter corporation. Subsequently, upon unanimous vote of all stockholders in Boxboard Company, the land, plant and equipment of the Paper Company were sold to the Container Corporation of America and the proceeds distributed pro rata among the stockholders of the former company. The Paper Company has not been in active operation since the time of the sale of its assets, but remains in existence as a legal entity with a greatly reduced capitalization. The irregularities referred to in plaintiffs' petition for mandamus occurred prior to the transactions above related, but plaintiffs aver they had no information concerning these matters until recently. Four of plaintiffs were stockholders in the Paper Company before its consolidation with the Boxboard Company; the remaining six plaintiffs have acquired their stock in Boxboard since 1926.

Appellants contend there is a misjoinder of plaintiffs, and argue that shareholders of Boxboard Company have no right to inspect the records of Paper Company. If the two corporate defendants in this case were independent companies there might be force to this contention, but the facts indicate the Paper Company is merely a controlled subsidiary, using the same offices as Boxboard Company and having identical officers and directors. The rule is clear that "the stockholders of one

company have a right to inspect the books and records of subsidiary companies where the latter are so organized and controlled, and their affairs so conducted, as to make them adjuncts or instrumentalities of the former company": 14 C. J., page 859; Martin v. Martin, 10 Del. Ch. 211, 88 A. 612, 102 A. 373; Woodworth v. Old Second Nat. Bank, 154 Mich. 459. See also discussion in Williams v. Freeport Sulphur Co., 40 S. W. (2d) 817, in which the Texas Court of Civil Appeals reached the same conclusion. In the latter case the controversy became moot before appeal to the Supreme Court, hence its value as a precedent is limited to the views of the court expressed in the opinion.

Appellants also object to issuance of the writ of mandamus on the ground that plaintiffs are barred by laches. Such defense is not relevant to the present proceeding but could properly be raised if plaintiffs ultimately see fit to file a bill in equity. As we said in Phoenix Iron Co. v. Com., 113 Pa. 563, at page 573: "We cannot anticipate the bill which the relator may bring. What specific relief he may seek can now only be the subject of conjecture; it will be time enough to determine the question of res adjudicata when the case is presented. The question now is, as to the relator's right to inspect the books; he avers that he purposes filing a bill in equity against the corporation and its officers, and that it is necessary that he see the books and papers in order that he may correctly state the facts now concealed from him."

In the case before us, plaintiffs have indicated a valid and proper reason for inspecting the books of defendant corporations (see Davis v. Cambria Title, Savings & Tr. Co., 304 Pa. 32) and the writ of mandamus will accordingly issue.

Judgment affirmed at appellants' cost.