## Kosek *v.* Wilkes-Barre Township School District, Appellant.

Argued January 2, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James M. Stack,* for appellant.

*Felix W. Bolowicz,* for appellee.

PER CURIAM, January 30, 1934:

The sole question raised by this appeal is whether a medical inspector of a third class school district is an "appointed officer," subject to removal by the school board under the provisions of article VI, section 4 of the Constitution of Pennsylvania. The facts upon which this question is predicated are set forth in the opinion of the Superior Court reported at 110 Pa. Superior Ct. 295, and need not be repeated here. We are of opinion the Superior Court correctly decided appellee was not a public officer subject to removal from office at the pleasure of the power by which he had been appointed, i. e., the school board.

Appellee's appointment as medical inspector was made pursuant to the provisions of section 1501 of the Act of May 18, 1911, P. L. 309, as amended (the School Code). The amount of his salary was determined by the school board, which thereupon entered into a contract providing for his employment at the agreed figure for a period of ten months. The nature of the services performed

by a medical inspector precludes his classification as a public officer. He exercises none of the sovereign prerogatives of the State, but, on the contrary, his duties are of routine character, subject to the control and direction of the school board. As stated in the opinion of the Superior Court, "......the status of the medical inspector arises directly from a contract of hiring between him and the school district. The salary of the medical inspector is fixed by the employer, no commission is issued, no oath is taken, and the appointment is made at the discretion of the board" within prescribed limits.

The judgment is affirmed.