## Kratz v. Sloane et al.

*E. F. McGovern*, for relator.
*Hopkin T. Rowlands*, for respondents.

FLANNERY, J., June 27, 1945.—This is a petition for mandamus in which it is alleged that Carl J. Kratz was appointed plumbing inspector of the City of Wilkes-Barre, effective March 1, 1945, by its mayor, Con J. McCole, in response to which he was sworn in and acted as such from that date.

It is further alleged that the director of public safety of the said city made out a payroll providing for payment to the petitioner for services for the period from March 1 to March 15, 1945, which Charles B. Sloane, one of the defendants, controller of the City of Wilkes-Barre, refuses to audit and/or approve, and which Luther M. Kniffen, the other defendant, director of the department of accounts and finance of the said city, refuses to sign.

The answer of the defendants admits the allegations generally but denies the legality of the appointment, alleging that the council of the said City of Wilkes-Barre, by resolution adopted January 4, 1944, appointed one Rutherford H. Jones plumbing inspector, for a term ending January, 1946. It avers that there was no vacancy and denies authority in the mayor to make such an appointment.

Trial before the court without a jury developed the question: Whether the mayor or the council of a third class city has authority to designate the plumbing inspector for the municipality.

Municipal plumbing was regulated as far back as the Act of June 7, 1901, P. L. 493, but the office of plumbing inspector in and for third class cities was first created by the Act of June 12, 1913, P. L. 476, and the appointment of such officer by the mayor was made mandatory.

Later in the same session, on June 27th to be exact, the legislature passed the Clark Act of 1913, P. L. 568, governing third class cities generally, which omitted any reference to such an office or to such a department. It did, however, grant to cities of the third class general power to create any board or department which might be deemed necessary, article V, sec. 3 (13), and further provided in article VII, sec. 8, that "council shall have the power of appointment and dismissal of all employes and subordinate officers of the city, except as otherwise provided by this act".

In The Third Class City Law of June 23, 1931, P. L. 932, the legislature, amending the Clark Act, codified the law regulating cities of the third class by Act No. 317. This act, by general language, repealed all inconsistent legislation not specifically excepted. It is interesting to note that the Plumbing Act of June 12, 1913, P. L. 476, is not specifically excepted. Also there were reënacted the general provisions that council shall have the power to create such boards or departments as may be necessary, article XXIV, sec. 2403, par. 3, and the

power to dismiss all employes and subordinate officers of the city, etc., article IX, sec. 901.

Defendants contend that the Third Class City Law must prevail and point to Commonwealth ex rel. Slattery v. Donnelly, Mayor, 26 Dist. R. 517, to support their contention. Petitioners contend that both acts stand and should be construed so that effect may be given to each, and in support of their contentions cite Streib v. Council of New Castle, 25 Dist. R. 1042.

Were there no precedent or authority other than these two contemporaneous conflicting interpretations of the law, we would accept Streib v. Council of New Castle, supra, both in its reasoning and its conclusions. We believe that it conforms with the Statutory Construction Act of May 28, 1937, P. L. 1019.

But there is other authority on the subject and the confusion that prevailed when these two conflicting opinions were written is resolved by the amendment to the plumbing legislation passed by the legislature on March 31, 1937, P. L. 168, designating among the acts amended the so-called Plumbing Inspector Act of June 12, 1913, P. L. 476. This enactment provides (sec. 2) :

"The mayor of said cities [i. e., cities of the second and third class], is hereby authorized and required to appoint a [competent person] practical plumber of at least ten years experience and not engaged or connected, directly or indirectly, with the plumbing business as plumbing inspector, whose duty it shall be to supervise, superintend, and inspect all plumbing, [and] house and building drainage, in conformity with the provisions of this act."

In view of this legislation, which is a development of the law generally as it governs our problem, we are constrained to conclude that the petitioner must prevail.

Defendants point to the Statutory Construction Act of May 28, 1937, P. L. 1019, article VII, sec. 91, and the clause:

"Whenever a general law purports to establish a uniform and mandatory system covering a class of subjects, such law shall be construed to repeal preëxisting local or special laws on the same class of subjects."

But we can find no validity in this argument.

Without the Plumbing Act of March 31, 1937, P. L. 168, it might be held that The Third Class City Law Act of June 23, 1931, P. L. 932, repealed the preëxisting "local or special laws on the same class of subjects", but not only is this argument now to be met with the answer that the Plumbing Act of June 12, 1913, P. L. 476, was neither a "local" nor a "special" law as referred to by the legislature in the Statutory Construction Act but furthermore since the amendment of 1937 it is no longer a preëxisting law and the citation has no application.

The 1937 Plumbing Inspector Act is the last word of the legislature on the subject. It was passed in the face of the existing Third Class City Law of June 23, 1931, P. L. 932, which, incidentally, does not specifically regulate the appointment of or refer to the office of plumbing inspector.

Certainly, under these circumstances, it is the manifest intention of the legislature that this act was meant to control the question, designate the appointing power and regulate the duties and responsibilities of plumbing inspectors in cities of the third class.

Anent defendants' stand that there is no vacancy in the office of plumbing inspector because of the appointment by the city council on January 4, 1944, of Rutherford H. Jones, we are constrained to conclude that the position is not well taken.

In view of our conclusions, Rutherford H. Jones served the city in a dubious status and if plumbing inspector he was, he was such de facto and not de jure. Under the circumstances, the legal appointment of a qualified person to serve in the post would terminate his relationship with the city.

In any event we conclude that plumbing inspectors of cities of the third class are officers and not employes. (Kosek v. Wilkes-Barre Township School District, 110 Pa. Superior Ct. 295, later affirmed, 314 Pa. 18.) And as such may be removed at the pleasure of the power in which the authority of appointment resides. (Pennsylvania Constitution, article VI, sec. 4.)

Hence, the termination of his service by the mayor effectively removed Rutherford H. Jones from office and created a vacancy to which the petitioner was legally appointed.

Writ of mandamus is directed to be issued to the said Charles B. Sloane, as controller of the City of Wilkes-Barre and to Luther M. Kniffen, as director of the department of accounts and finance of said city, as prayed for in said petition.