## Tanenbaum, Appellant, *v.* D'Ascenzo et al.

Argued November 27, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*G. S. Parnell, Sr.*, with him *Earl R. Handler, Caldwell, Fox & Stoner* and *George E. Letchworth, Jr.*, for appellant.

*Samuel Feldman*, Assistant City Solicitor, with him *Frank F. Truscott*, City Solicitor, for Director of Public Health, appellee.

*C. Brewster Rhoads*, for School District of Philadelphia, appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 29, 1947:

Two questions are raised by this appeal. (1) Is a licensed osteopathic physician a *"physician legally qualified to practice medicine"* within the meaning of section 1501 of the School Code of May 18, 1911, P. L. 309, 24 PS 1501 and (2) Is an alternative *writ of mandamus*, in the facts of this case, a proper proceeding in which to have the main question determined?

W. L. Tanenbaum, appellant, is a licensed osteopathic physician. He took a civil service examination held by the Civil Service Commission of the City of Philadelphia for the position of school medical inspector for the Philadelphia School District. He was certified first on the eligible list. Second on the list was a medical doctor

(who thereafter entered the military service). Third on the list was a medical doctor, Dr. Gordon. The Director of Public Health, with the two candidates thus presented for selection, appointed Dr. Gordon. Appellant then filed a petition for alternative mandamus to compel his appointment. By the 14th paragraph of the petition, it is averred that the reason assigned by the Director for his refusal to appoint appellant was *"he could not be appointed as a medical inspector for the sole reason that he is an osteopathic physician."* The 9th paragraph of the return of alternative mandamus by the Board of Education (appellee) denies this averment. The Director of Public Health (successor to previous incumbent) neither affirmed nor denied the 14th averment of the petition, but stated in effect that as a *state* official he was not bound by the *city's* civil service commission, and that the appointment by his predecessor was wholly discretionary, for which he need assign no reason.

Appellant demurred to appellees' returns.

The case was argued before President Judge Bok of the Court of Common Pleas No. 6. In a well considered opinion by Judge Bok both questions were answered in the negative. He decided that a licensed osteopathic physician is not a "physician legally qualified to practice medicine" within the meaning of the School Code and that an alternative writ of mandamus was not a proper proceeding in which to raise this question. The appeal followed.

It is conceded that the primary object of this litigation is to obtain a definition of the professional status of an osteopathic physician. Whether this question is properly before the court, under the procedure which has been employed, is the initial inquiry. If not, all that may be said upon the principal question becomes dictum.

Mandamus is a remedy of great antiquity. It is extraordinary in character and is a high prerogative writ used rather as a last resort than as a common mode of re-

dress: see 11 Standard Pennsylvania Practice Chapter 46, page 145, et seq.; 34 American Jurisprudence p. 803 et seq. Mandamus is an appropriate writ by which a *ministerial* act or duty will be enforced: *Re Porter Twp. Road*, 1 Walk. 10; *Com. ex rel. Thomas v. Allegheny County*, 32 Pa. 218; *Com. ex rel. Hamilton v. Pittsburgh*, 34 Pa. 496; *Com. v. James*, 135 Pa. 480, 19 A. 950; *Carpenter v. Yeadon*, 208 Pa. 396, 57 A. 837; *Com. ex rel. Curran v. Philadelphia*, 211 Pa. 85, 60 A. 549; *Reese v. Board of Mine Examiners*, 248 Pa. 617, 94 A. 246; *Com. v. Dickey*, 262 Pa. 121, 104 A. 870; *Com. ex rel. Roberts v. Tice*, 272 Pa. 447, 116 A. 316; *Pittston Twp. School District v. Dupont Borough School District*, 275 Pa. 183, 118 A. 308; *Com. ex rel. Met-Con Co. v. Jones*, 283 Pa. 582, 129 A. 635; *Herskovits v. Irwin*, 299 Pa. 155, 149 A. 195; *Taylor v. Moore*, 303 Pa. 469, 154 A. 799. See also: *Bailey v. Boxboard Products Company*, 314 Pa. 45, 170 A. 127; *Citizen's Nat. Bank v. Irwin Building & Loan Assn.*, 316 Pa. 536, 175 A. 399.

However, it is only where the duty is ministerial *and does not involve the exercise of discretion or judgment* that mandamus lies: *Findley v. City of Pittsburgh*, 82 Pa. 351; *Reese v. Board of Mine Examiners*, supra; *Spahn v. Bielefeld & Spahn Company*, 256 Pa. 543, 100 A. 987; *Homan v. Mackey*, 295 Pa. 82, 144 A. 897. In matters involving official discretion mandamus may be resorted to for the purpose of compelling the *exercise* thereof, but not to interfere with the *manner* in which the discretion shall be exercised: *Duffield v. Williamsport School District*, 162 Pa. 476, 29 A. 742; *Souder v. Philadelphia*, 305 Pa. 1, 156 A. 245. But where by a mistaken view of the law or by an arbitrary exercise of authority there has been in fact no actual exercise of discretion, the writ will lie: *Marland v. Hoffman*, 184 Okla. 591; see also 34 American Jurisprudence section 69, p. 858; 18 R. C. L. section 39, p. 126 et seq., 38 C. J. 608 section 85.

Appellant relies upon the averment in the 14th paragraph of the petition that the sole reason assigned for

refusing the appointment was that he was an osteopathic physician. This, it is claimed, demonstrates the Director of Public Health's mistaken view of the law that appellant was not a "physician legally qualified to practice medicine" within the meaning of the School Code. *What appellant overlooks, however, is that this averment is specifically denied by paragraph 9 of the answer.* The effect of appellant's demurrer to the answer is an admission of the facts pleaded in the return: *Com. ex. rel. Armstrong v. Commissioners of Allegheny,* 37 Pa. 277; *Com. ex rel. Clowes v. Dickinson,* 83 Pa. 458; *Welchans v. Shirk,* 98 Pa. 17; *Commonwealth ex rel. v. Baker,* 212 Pa. 230, 61 A. 910; *Truitt v. Philadelphia,* 221 Pa. 331, 70 A. 757; *Commonwealth v. Woodward,* 84 Pa. Superior Ct. 124. See also: *Com. ex rel. Wilde v. Pennsylvania Silk Co.,* 267 Pa. 336, 110 A. 158.

The case then comes to this: where the director of public health appointed a physician who stood second on an eligibility list as a school medical inspector under the School Code, will mandamus lie to compel the appointment of the unsuccessful candidate who stood first on such list?

We need not repeat what Judge Bok has so accurately stated in his opinion respecting the discretionary appointment of a school medical inspector of a school district. It is well established that a school medical inspector of the school district of Philadelphia is not under the civil service of that city and is not an employe of the city. The examinations conducted by the Civil Service Commission of the city were merely a convenient mechanism resorted to by the State to determine the qualification of the applicants and gave appellant no vested legal right to the position. Such medical inspector was an employe of the School Board: *Kosek v. Wilkes-Barre Twp. School District,* 314 Pa. 18, 170 A. 279. The public education system is a division of the State: Article X, section 1 of the Pennsylvania Constitution; *Chalfant v. Edwards,* 173 Pa. 246, 33 A. 1048;

*Board of Education v. Ransley,* 209 Pa. 51, 58 A. 122; *Wilson v. Phila. School District,* 328 Pa. 225, 195 A. 90. The school district was vested with a discretionary power to appoint the school medical inspector which discretion they exercised. As appellant clearly disclosed no basis for his application for the alternative writ of mandamus, the demurrer to the return was properly sustained and the petition dismissed. As the petition for the writ was correctly dismissed, the question of the status of a licensed osteopathic physician as a "physician legally qualified to practice medicine" under the School Code is not properly before us and will not be considered.

The order of the court below is affirmed at the cost of the appellant.