Pennsylvania Public Utility Commission, Plaintiff v. City of Erie, Robert J. Waytenick, City Director of Public Works, and Stanley J. Prazer, Bureau Chief of the City's Bureau of Water, Defendants.

Argued December 5, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Kenneth S. Siegel,* Assistant Counsel, with him *George M. Kashi,* Assistant Counsel, and *Barnett Satinsky,* Acting Counsel, for plaintiff.

*Robert D. Hain,* Assistant City Solicitor, for defendant.

OPINION BY JUDGE WILKINSON, JR., January 4, 1978:

This matter is before us on motion of the Pennsylvania Public Utility Commission (Commission) for judgment on the pleadings on its complaint in mandamus to enforce an order requiring defendants to sell water to a water company which serves customers in a township contiguous to, but beyond the corporate limits of, defendant City of Erie (City). We grant the Commission's motion.

The City began selling water to the company for resale in August 1973. After a dispute arose, the Commission conducted hearings and, by order adopted March 11, 1975, the City was required to "maintain continuous and adequate" water service to the company either at the company's connection point then in use or at new facilities which the company, by the same order, was required to complete within 180 days. No limitation on the quantity of water or duration or

area of service was specified, but the City was allowed to seek relief from the Commission if, in the future, either its own or the company's demands made it "difficult or impossible for City to meet its other commitments for service." An appeal was filed by the City to this Court but was subsequently withdrawn.

Although the company completed construction of its new facility and was ready to receive water purchased from the City there, the City failed to perform the mechanical functions necessary to provide service. On or about September 13, 1976, the company informed the Commission that its existing water sources in the area of the new facility were dropping to a dangerous level. A Commission engineer determined that service to the company's customers would be interrupted by September 19, 1976, and the Commission sent a telegram to each of the defendants ordering immediate commencement of service pursuant to its order of March 11, 1975. The Commission then filed its complaint in mandamus and motion for peremptory judgment in this Court of September 16, 1976. Because of the exigency of the situation, President Judge BOWMAN conducted an ex parte proceeding and ordered immediate compliance with the Commission's order. Defendants obeyed. Their Answer and New Matter to the complaint in mandamus and the Commission's motion for judgment on the pleadings followed.

Defendants admit that the Commission has ordered the City to provide "continuous and adequate" water service to the company. They claim, however, that following the adoption of the Commission's order, the City and company entered into an agreement under which the City's withdrawal of its appeal of the Commission order was exchanged for the company's agreement on limitations as to the area to be serviced and the amount of water to be supplied. Defendants further allege that the City has at all times offered service subject to that agreement but that the company

has failed to comply. Whatever the existence or validity of that agreement, it is entirely collateral to the statutory duty of defendants to obey the order of the Commission and cannot be averred to justify their noncompliance thereof. *Commonwealth ex rel. v. Hamilton,* 80 Pa. Superior Ct. 240 (1922). Therefore, we must grant the Commission's motion. Defendants can institute such proceedings as they deem appropriate to have the Commission's order modified to be in accordance with what it alleges was the agreement between the parties.

Accordingly, we will enter the following

ORDER

Now, January 4, 1978, the motion of the Pennsylvania Public Utility Commission for judgment on the pleadings on its complaint in mandamus, No. 1597 C.D. 1976, dated September 16, 1976, is hereby granted and it is ordered that the defendants continue to service Pennsylvania Water Company at 12th Street and Asbury Road, Millcreek Township, Erie County in accordance with the terms of the Pennsylvania Public Utility Commission's Order, adopted March 11, 1975, at C.20236, 20237, and in all other respects comply with all the terms of said order.