## Pequea Creek Bridge.

| 68 | 427 |
|----|-----|
| 212 | ³233 |
| 68 | 427 |
| f218 | ³333 |

1. The report of viewers recommending a bridge was referred to a grand jury, who approved it; the action of the grand jury was set aside for irregularity, and the report referred to another who reported "No bridge." The proceeding here was at an end, and referring the report to another grand jury was error.

2. The parties dissatisfied should have commenced anew.

3. The law designs that the court, grand jury and commissioners shall be a check on each other as to expenditure of public moneys in erecting bridges.

4. When either body disapproves, the proceeding falls.

5. After a grand jury had disapproved of the viewers' report, the court made a rule absolute to refer the report to another grand jury. A certiorari from the Supreme Court then sued out, was prematurely issued, there being no final action.

6. It would have been otherwise, had the report been approved by the grand jury.

May 3d 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Certiorari to the Court of Quarter Sessions of *Lancaster county:* No. 48, to May Term 1871.

On the 1st of April 1869, inhabitants of the township of Martic and Conestoga petitioned for a bridge over Pequea creek, setting out that the expense of building it would be too great for the township to bear.

Viewers were appointed recommending the bridge, their report was confirmed nisi by the court August 17th 1869. It was submitted November 19th 1869, to the grand jury who returned it "Approved." December 29th 1869, the return was set aside for irregularity. At January sessions 1870, the report was referred to another grand jury, who returned it without approval or disapproval. April 20th 1870, the report was laid before another grand jury who returned "No bridge." On the 25th of November 1870, the court granted a rule to show cause why the report should not be presented to the next grand jury; this rule was made absolute January 14th 1871, and on the 19th a certiorari from the Supreme Court was filed and an application was made that proceedings stay till the determination of the certiorari. The application was refused, and January 20th the grand jury disapproved of the report of the viewers.

[Pequea Creek Bridge.]

The error assigned was, that the court made the rule to show cause why the report should not be presented to the next grand jury absolute.

*N. Ellmaker*, for certiorari, referred to Act of June 13th 1836, § 34–38, Pamph. L. 560, Purd. 877, pl. 56–60; Bridge over Smithfield Creek, 6 Whart. 369.

*S. H. Reynolds*, contrà.

The opinion of the court was delivered, May 15th 1871, by

SHARSWOOD, J.—It appears by the record that viewers were appointed by the Court of Quarter Sessions of Lancaster county, to view a cite for a bridge over Pequea creek, on the line of Martic and Conestoga townships in that county. Their report in its favor was presented to the court and confirmed. It was subsequently approved by the grand jury. This action of the grand jury was set aside by the court for irregularity, and the matter referred to another grand jury, who reported against the bridge. Here, in our opinion, the proceeding was at an end. The parties if dissatisfied should have commenced anew. But at a subsequent sessions of the court, a rule was granted to show cause why the report should not be presented to the next grand jury, which rule was made absolute. This writ of certiorari was then sued out, which the court below decided not to be a supersedeas. Afterwards, however, as the record shows, this second jury disapproved of the report.

The Act of June 13th 1836, relative to roads, highways and bridges, § 35, Pamph. L. 560, where viewers are appointed for a bridge, provides when they report favorably that "if it shall appear to the court, grand jury and commissioners of the county that such bridge is necessary, and would be too expensive for such township or townships, it shall be entered on record as a county bridge." It is evident that the legislature intended that these three bodies should act as checks upon each other in the unnecessary expenditure of a public money in the erection of county bridges. When either of them therefore have put their disapprobation on record, the proceeding falls. If it were not so tax-payers and others interested in opposing a county bridge might be kept dancing attendance upon the court from sessions to sessions until some one grand jury may be induced to approve it.

It is plain, however, that there is no final action appearing upon this record which we can properly review and reverse. The certiorari issued prematurely; had the second grand jury approved the bridge, it would have been otherwise. But in this case the action of that grand jury in reporting adversely takes away all pretext for sustaining this proceeding.

Certiorari quashed.