## Commissioners of York County *versus* The Commonwealth *ex rel.* Smyser.

1. A county bridge was authorized in 1859; nothing was done towards erection till 1871; mandamus would then lie to compel the commissioners to erect it.

2. The difference in the financial condition of the county in 1859 and 1871 was not a defence to the mandamus; the county having neglected a duty could not be heard to complain.

3. The expense of erection is to be raised by county levies.

4. The costs of the mandamus imposed on the county.

May 9th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *York county*: No. 7, to May Term 1872.

On the 16th of May 1871, Zachariah W. Smyser petitioned the

[York County v. Smyser.]

Court of Common Pleas of York county, setting out, that viewers appointed according to law, reported to the August Term 1857 of the Court of Quarter Sessions, that a bridge was necessary over Codorus creek, where it crosses King street in the borough of York, that the erection would cost more than the borough should bear; and that the grand jury, the Court of Quarter Sessions, and the county commissioners concurring in the report, it was at January sessions 1859, entered of record as a county bridge; that in June 1867, the county commissioners procured an estimate of the cost of the bridge and entered into a contract with Samuel Stouffer to construct it; that he commenced its construction, but was afterwards stopped by the commissioners and the contract rescinded. The prayer was for a mandamus to the county commissioners to erect the bridge.

The commissioners answered, admitting the proceedings as alleged in the petition under which the bridge was entered of record as a county bridge; they further answered, that fourteen years had elapsed since these proceedings, that the affairs of the county had materially changed, that there was a large indebtedness of the county not existing at the time the bridge was confirmed, for paying which all the money of the county provided for by the tax levies "for a considerable time to come," would be required; the commissioners should not be required to erect the bridge, when the circumstances at the time the bridge was authorized had changed; that the Act of June 13th 1836, § 36, required the commissioners at the time the bridge was authorized to erect it or show sufficient reason for not so doing; that no such cause was shown by those commissioners, and the erection of the bridge by the respondent should not be required, on account of the laches of the parties interested; that the respondent had made no provision in the county levies to pay for the erection of the bridge and ought not to be required to do so; that the county had no money to pay for the erection and had no authority to borrow money for the purpose.

The petitioner demurred to the answer.

On the 25th of March 1872, the court (Fisher, P. J.) decreed, that a peremptory mandamus issue against Peter Strickhouser, Lewis Strayer and Jacob Kohler, commissioners of York county, commanding them in their capacity of commissioners of York county to erect a good and sufficient bridge of wood, iron or stone across the Codorus creek in the borough of York, &c., where King street crosses said creek, for the convenience and use of the public travelling on foot, or on horseback, or with carriages, wagons or other vehicles drawn by horses or other beasts of burthen; and that the county of York pay the costs of this proceeding.

The respondents took a writ of error and assigned for error:—

1. The decree commanding the erection of the bridge.

2. The decree that the county of York should pay the costs.

[York County *v.* Smyser.]

*J. Gibson*, for plaintiffs in error.—The relator has not such right as entitles him to a mandamus: Heffner *v.* Commonwealth, 4 Casey 108. Authorizing a county bridge does not give an indefinite right to require its erection: Howe *v.* Commissioners, 11 Wright 361; Long *v.* Laufman, 2 Rawle 154; Act of June 13th 1836, §§ 35–37, 2 Br. Purd. 1280, pl. 60–62. Rights are waived by long neglect: 2 Phillips Ev. 694; Lau *v.* Mumma, 7 Wright 267. Mandamus is for an immediate remedy: Tapping 16, 291. Mandamus is of grace: Tapping 5, 29. The proceedings after so long a time should have been *de novo*, and have ascertained that a bridge was then necessary.

*G. L. McElroy* and *J. L. Mayer*, for defendant in error, referred to Adams *v.* Jackson, 4 W. & S. 55; Morgan *v.* Commonwealth, 5 P. F. Smith 456; Dunne *v.* Deegan, 7 Wright 334.

Judgment was entered in the Supreme Court May 16th 1872.

PER CURIAM.—The defence in this case taken by the answer of the respondents, sets up no irregularity in the proceedings requiring the county commissioners to build the proposed bridge, but they rest their case on the lapse of time since these proceedings were had, viz. fourteen years; and on an alleged change in the financial condition of the county. We see nothing which constitutes lapse of time a defence—no statute, or practice, to that effect exists. So, as to the supposed change in the financial condition of the county. It might be well answered to this, that the county took the risk of this when she procrastinated in the performance of an ascertained duty, and cannot be heard to complain now of it as a justification for past neglect, and a postponement of the duty altogether. As to the want of means, the Act of 13th June 1836, authorizes the commissioners to raise them with the county levies. If the county was able, fourteen years ago, to build the bridge, as the proper authorities decided she was, it would seem strange if she is not so now. That the county is not able is, however, an argument, but is not alleged in form so as to be a defence. The costs were properly put upon the county—she was the only party in default. We think the judgment on the demurrer was proper, and the decree is consequently affirmed with costs.