## Commonwealth ex rel., Appellant, *v.* Baker.

*Bridges—County bridges—Act of June* 13, 1836, *P. L.* 551—*Practice—Mandamus.*

The erection of county bridges is regulated by statute, and all of the statutory provisions must be strictly complied with in order to make the proceeding effective and place the burden on the county. This is especially true when it is sought to compel the county commissioners by mandamus to construct the bridge at the expenses of the taxpayers.

In such proceedings it is not only necessary to have the concurrence of the grand jury, the court and the county commissioners, but the concurrence of all three bodies must be reasonably continuous. If it appears that there was an interval from the filing of the petition to the concurrence of the county commissioners of more than four years a mandamus will not be granted, inasmuch as the proceedings were not reasonably continuous within the provision of the act and the law announced by the courts. If the record also shows that a former board of county commissioners had refused to concur, there is all the more reason for denying the writ of mandamus. York County v. Smyser, 72 Pa. 24, distinguished.

Argued May 9, 1905. Appeal, No. 60, Jan. T., 1905, by plaintiff, from order of C. P. Bedford Co., Sept. T., 1904, No. 273, refusing mandamus in case of Commonwealth ex rel. Hampton L. Carson, Attorney General, upon the petition of D.

C. Cypher, M. W. Ford and Daniel Cypher v. S. S. Baker, Robert C. Smith and George H. Appleman, Commissioners of Bedford County. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Petition for mandamus. Before WOODS, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing writ of mandamus.

*Edward M. Pennell,* for appellant.—When a bridge is authorized under the provisions of the act of June 13, 1836, and entered on the records as a county bridge, mandamus will lie to compel the county commissioners to erect it: Commissioners of York County v. The Commonwealth ex rel. Smyser, 72 Pa. 24.

*R. C. Haderman,* for appellees.—Mandamus was properly refused: Pequea Creek Bridge Co., 68 Pa. 427; Bridge over Smithfield Creek, 6 Wharton, 363; Pittsburg, etc., R. R. Co. v. Lawrence County, 198 Pa. 1.

OPINION BY MR. JUSTICE ELKIN, May 22, 1905:

The appellants seek to compel by mandamus the commissioners of Bedford county to erect a new bridge at the cost of the county. The petitioners rely upon the following facts to sustain the writ prayed for:

The viewers appointed to view and report on the necessity for the erection of the bridge were appointed March 25, 1897, and filed their report in court on April 19, 1897, in which the necessity of the bridge is found to exist, and that the expense of the erection of the same would be more burdensome than the township in which it was located could reasonably bear. On September 8, 1897, the grand jury inquiring for the county concurred in the report of the viewers. No further action was taken upon this report until March 13, 1901, three and one-half years after the action of the grand jury, at which time the court approved of the report of the grand jury and the viewers. On April 2, 1901, the county commissioners concurred in the action of the grand jury and the court, and the

bridge was entered on the records as a county bridge. The petition for the mandamus was filed July 26, 1904. The county commissioners made return to the alternative writ, which in substance averred that there was no necessity for the erection of the bridge; that the proceedings by which it was entered of record as a county bridge were irregular; that the report of the viewers with the concurrence of the grand jury had been presented to a former board of commissioners asking for concurrence; that said board had refused to concur in the same; that by reason of these facts the proceedings to make it a county bridge either failed or were abandoned; and that under the provisions of the statute and rules of law applicable thereto, the attempt to compel the commissioners by mandamus to erect the bridge cannot prevail under the circumstances.

The petitioners demurred to the sufficiency of the return, thus admitting all the facts properly pleaded, and we have the case before us on the facts as presented by the petition and return. We will briefly review the provisions of the act of assembly and the decisions of this court in reference to the law bearing on the question in order to determine the rights of the parties. The thirty-fifth section of the Act of June 13, 1836, P. L. 551, provides, inter alia, as follows: "When a river, creek or rivulet over which it may be necessary to erect a bridge, crosses a public road or highway, and the erecting of such bridge requires more expense than it is reasonable that one or two adjoining townships should bear, the court having jurisdiction as aforesaid, shall, on the petition of any of the inhabitants of the respective townships, order a view, in the manner provided for in the case of roads, and if on the report of the viewers it shall appear to the court, grand jury, and commissioners of the county, that such bridge is necessary, and would be too expensive for such township or townships, it shall be entered on record as a county bridge."

The erection of county bridges is regulated by statute, and all of the statutory provisions must be strictly complied with in order to make the proceeding effective and place the burden on the county. This is especially true when it is sought to compel the county commissioners by mandamus to construct the bridge at the expense of the taxpayers. This court has frequently laid down the rule relating to this class of cases.

In Long v. Commissioners of Franklin County, 2 Rawle, 154, Mr. Justice ROGERS said : " On the report of the viewers, it is the duty of the court, grand jury and commissioners, to determine whether the bridge is necessary, and would be too expensive for the township or townships to erect."

In re Pequea Creek Bridge, 68 Pa. 427, Mr. Justice SHARSWOOD, in passing on this question, stated : " It is evident that the legislature intended that these three bodies should act as checks upon each other in the unnecessary expenditure of public money in the erection of county bridges. When either of them therefore have put their disapprobation on record, the proceeding falls. If it were not so taxpayers and others interested in opposing a county bridge might be kept dancing attendance upon the courts from sessions to sessions until some one grand jury may be induced to approve it."

In Pittsburg, etc., Railroad Co. v. Lawrence County, 198 Pa. 1, the present Chief Justice announced the rule in the following language : " But in the present case there never was any approval by the commissioners nor even any attempt to approve until too late. The statute contemplates a proceeding at least reasonably continuous. A break of seven years and a half and then precipitate action by new officers is clearly unreasonable. All parties interested might fairly have inferred that the enterprise had been abandoned."

In these cases it was held that it is not only necessary to have the concurrence of the grand jury, the court and the county commissioners, but the concurrence of all three bodies must be reasonably continuous. In the latter case a break of seven and one-half years in the concurrence of the different bodies was said not to be reasonably continuous, within the requirements of the statute. In the case at bar there is a break of from March 25, 1897, when the petition was filed, until April 2, 1901, when the concurrence of the county commissioners was secured. In other words, there was a break from the beginning to the end of the proceeding of more than four years. In view of these facts the court below held that the concurrence of the different bodies had not been reasonably continuous and refused to award a peremptory writ of mandamus as prayed for. The ruling of the court was clearly right even on the record as it stands. The necessity which existed for

the building of the bridge as reported by the viewers in 1897, and approved by the grand jury a few months later may not have existed four years later when it was approved by the court and the county commissioners. The delay, and the fact that new county officials had been elected to and were in office at that time, notice not having been given to the taxpayers and other interested parties is not a reasonable compliance with the act of assembly. The proceedings were not reasonably continuous within the provision of the act and the rule of law announced in our cases.

In addition, however, the return sets out that the report of the viewers, with the concurrence of the grand jury indorsed thereon, had been presented to a former board of commissioners for concurrence, and that said board had refused to concur. If this refusal had been indorsed on the report or had been placed of record on the minutes of the board of commissioners, it would have been an end of the proceeding. Can the fact be established by parol testimony dehors the record? We think it can. Inasmuch as the petitioners demurred to the return, this fact must be taken as admitted and therefore established for the purposes of this case. It is fatal to the proceedings and the mandamus cannot be maintained.

Our attention has been called to the case of York County v. Smyser, 72 Pa. 24, wherein it was held that mandamus would lie to compel the commissioners to build a bridge twelve years after it had been entered of record as a county bridge. It cannot be doubted that mandamus will lie to compel a board of county commissioners to perform their duty, and that if all the requirements of the act of assembly and rules of law applicable thereto have been met and the bridge properly entered as a county bridge, and the commissioners arbitrarily or unreasonably delay the construction of the same, mandamus will lie to compel them to perform their duty. In York County v. Smyser, supra, it was admitted that the proceedings under the act of assembly had been regular and that the bridge was properly entered of record as a county bridge. It is therefore not an authority under the facts of the present case. The irregularity of the proceedings by which it was attempted to make this a county bridge, and the fact that one body had refused to concur, is set up in the return and relied upon by the appellees to

defeat the application for a mandamus.   If in this case the report of the viewers had been made, and the concurrence of the grand jury, the court and the county commissioners had been reasonably continuous, and if it did not appear as a fact that a former board of county commissioners had refused to concur in the report, mandamus would lie to compel the performance of the duty.   Under the facts of this case, however, the court below was clearly right in refusing to award the peremptory writ of mandamus.

Decree affirmed.