## Commonwealth ex rel. *v.* Schmidt et al.

*Mandamus—Finality of award—Res judicata—Failure to appeal —Bridges—Intercounty bridge—Attachment—Subsequent county commissioners—Act of June 8, 1893, P. L. 345—Delay—Waiver —Abatement of writ.*

1. An award of a peremptory writ of mandamus, after full hearing on the merits, unappealed from, is a final adjudication of what was or might have been there determined.

2. Where a writ of mandamus has been awarded to compel county commissioners to erect an intercounty bridge, they cannot, on a rule for an attachment against them for failure to erect the bridge, raise questions as to the character of the bridge, its location, its necessity or its cost, where these questions were decided in the mandamus proceeding.

3. An answer to a rule for such an attachment must be positive, explicit and responsive in its recital of facts.

4. Such an attachment must issue against the commissioners in office at the time the rule is taken, for they only can comply with the court's order.

5. If they appear and answer the rule, the manner in which they are brought into court is immaterial.

6. The Act of June 8, 1893, P. L. 345, provides that the writ of mandamus shall not abate by the death, resignation or removal from office of the respondents.

7. A delay of several years in asking an attachment against county commissioners for failure to build an intercounty bridge does not operate as a waiver of the contempt or an abatement of the writ.

*Appeals—Time within which to appeal—Mandamus—Acts of June 8, 1893, P. L. 345; May 19, 1897, P. L. 67, and March 12, 1925, P. L. 32—Implied repeal by inconsistency of statutes.*

8. The provision in the mandamus Act of June 8, 1893, P. L. 345, that an appeal must be taken within twenty days from the date of the order, was repealed by section 29 of the General Appeals Acts of May 19, 1897, P. L. 67, and March 12, 1925, P. L. 32.

9. The earlier act is inconsistent with the later ones, and is therefore repealed.

Argued May 12, 1926.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 209, Jan. T., 1926, by John O'Gara et al., Commissioners of Northumberland Co., from order of C. P. Northumberland Co., Dec. T., 1914, No. 169, making absolute rule for attachment, in case of Commonwealth ex rel. Francis Shunk Brown, Attorney General, and ex rel. Frank H. Strouss, District Attorney, et al. v. P. P. Schmidt et al., County Commissioners. Affirmed.

Rule for attachment against county commissioners for failure to erect an intercounty bridge. Before WHITE-HEAD, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute. Respondents appealed.

*Error assigned* was, inter alia, order, quoting record.

*J. A. Welsh,* County Solicitor, with him *Voris Auten,* for appellants, cited: Cavanaugh v. School Dist., 6 Pa. C. C. R. 35; Gilberton S. Dist. v. Twp., 6 Pa. C. C. R. 38; Com. ex rel. v. Baker, 212 Pa. 230; P. & L. E. R. R. v. Lawrence County, 198 Pa. 1; Cassleman River, 40 Pa. C. C. R. 457.

*Fred V. Follmer* and *Max L. Mitchell,* for appellees, were not heard.

OPINION BY MR. JUSTICE WALLING, June 26, 1926:

The west branch of the Susquehanna River forms the boundary line between Northumberland and Union Counties. Feeling the need of a bridge across the river from Watsontown, Northumberland County, to White Deer Township, Union County, and realizing the large expense thereof, certain citizens of those municipalities in 1911 presented petitions to the court of quarter sessions of each county, praying for the appointment of viewers, etc., to the end that the same might be declared an intercounty bridge, and erected as such. The viewers jointly performed their duties, established the location of the bridge and duly reported in favor of granting the prayer of the petitioners. This report was submitted to and approved by two grand juries in each county and by the proper courts thereof; and was also approved and adopted by the board of county commissioners of each county and placed upon the records as an intercounty bridge to be erected and maintained at the joint expense of the counties.

In 1914, no steps having been taken toward the erection of the bridge, the relators petitioned the court of Northumberland County for a writ of mandamus against the commissioners of that county to compel them to proceed therewith.   A writ in the alternative form was awarded, to which an answer was filed and, upon demurrer thereto, the trial court, on November 2, 1915, entered judgment in favor of the relators and awarded a peremptory writ of mandamus against the county commissioners as prayed for.   Some preliminary work was thereafter done, but, public attention being diverted by the world war, the bridge project was suffered to remain practically in statu quo until the relators in 1922 asked for an attachment against the Northumberland county commissioners for contempt of court in failing to comply with the peremptory writ of mandamus, awarded in 1915, although requested so to do.   A rule to show cause was granted, answers filed and testimony taken, pending which, Charles Kline became a county commissioner, was made a defendant, appeared, and filed a separate answer.   After hearing and upon due consideration the trial court filed an opinion and made absolute the rule for attachment against the three sitting county commissioners.   Thereupon they brought this appeal.

The court was clearly right in ordering the attachment.   The award of the peremptory writ of mandamus, unappealed from, was a final adjudication of what was or might have been there determined.   "The rule of res judicata applies to the judgment for a peremptory writ of mandamus, and all questions raised or which could have been raised in opposition to granting the writ are concluded by the issue of the writ and cannot be raised again in resisting obedience or in justification of disobedience": 38 C. J. 937.   They have entirely failed to comply with the mandatory order of the court and are therefore in contempt.   Questions as to its being made an intercounty bridge, as to its location, its necessity, the wisdom of the project, its cost, etc., were determined

many years ago, by the action of the viewers, the grand juries, the courts of quarter sessions and the county commissioners, and are not open to review now, especially in the face of the peremptory writ of mandamus. The matters averred in the answers to the rule for an attachment as to the high cost of material, the lack of terminal facilities, the kind of material to be used, etc., must be solved by the commissioners of the two counties, and are no answer to the present rule. In a case like the one at bar, the corporate officers have no discretion, their only duty is obedience to the process of the court: Com. v. Taylor et al., 36 Pa. 263; see also Com. v. Commissioners of Mifflin County, 81* Pa. 132. The answers are also uncertain and evasive. For example, it is averred that respondents have been advised and informed that the State Water Commission has made requirements as to the approaches to the bridge inconsistent with its construction as planned, but as to what if any action that commission has in fact taken the answers are silent. Respondents also aver they are informed the consent of the State Water Commission and also of the United States War Department, the Susquehanna River being navigable, must be obtained before the bridge can be erected, but fail to aver the source of their information or what if any effort they have made to secure such consent. "The return to a writ of alternative mandamus must be positive, explicit and responsive in its recital of facts, which should also be stated in a specific and substantial but not argumentative manner, and so clearly that they may fairly and reasonably be called certain, without recurring to other possible facts which do not appear, or are left to inference": from opinion by Mr. Justice SIMPSON in Hauser v. York Water Co. et al., 278 Pa. 387; and an answer to a rule for an attachment should be equally so. No legal excuse appears for failure to comply with the peremptory writ.

The attachment necessarily issues against the present board of commissioners, for they only can now comply

with the court's order; and since they all appeared and filed answers, the manner in which they were brought into court is immaterial.  Section 25 of the mandamus Act of June 8, 1893, P. L. 345, 349, provides that, "The death, resignation or removal from office by lapse of time or otherwise, of any defendant, shall not have the effect to abate the suit, but his successor may be made a party thereto and any peremptory writ shall be directed against him."  The rule is the same aside from the statute.  In High's Extraordinary Legal Remedies (3d ed.) sec. 443, it is stated: "Proceedings by mandamus against municipal officers to compel the performance of their official duties, being virtually proceedings against the corporation, a change in the membership of such officers does not so change the parties as to abate the proceedings, the municipal body being a continuous one, and the writ being addressed to the officers in their official capacity, rather than as individuals.  Indeed, this principle has been carried to the extent of allowing proceedings in mandamus against a municipal officer in his official capacity, upon whom due service of process has been made, to be continued against his successor, without compelling the party aggrieved to begin de novo."  In Moreland v. Union, 4 Kulp 87, Judge RICE says: "A mandamus proceeding against overseers of the poor will not abate by reason of the expiration of the official term of the overseers in office at the time the alternative writ was issued."  See also 13 Ency. of Pleading and Practice, p. 756; 38 C. J. 859, 860.

The delay in asking for the attachment did not, as urged, for appellants, operate as a waiver of the contempt or an abatement of the writ.  In York County v. Smyser, 72 Pa. 24, a peremptory writ of mandamus was awarded to compel the erection of a bridge twelve years after it had been authorized.  Com. v. Baker, 212 Pa. 230, is not like the instant case; there the county commissioners delayed their approval for over four years, meantime a prior board of commissioners had disap-

proved of the report of the viewers and it was held there was not such a continuity of proceeding as the law required.

On a like petition and after due proceedings the Court of Common Pleas of Union County awarded a peremptory writ of mandamus against the commissioners of that county to compel action looking toward the erection of the bridge in question.  Thereupon, the last named commissioners asked to have the original decree confirming the viewers' report vacated and for leave to file exceptions thereto nunc pro tunc; after protracted hearings and consideration the court of quarter sessions of that county refused the request.  This was affirmed by the Superior Court, in an opinion by Judge KELLER, in Inter-County Bridge, 82 Pa. Superior Ct. 59.  Several of the questions sought to be raised here are there fully considered and need no further comment.

Appellees filed a motion to quash the appeal in the instant case, because not taken within twenty days as provided in section 29 of the Act of June 8, 1893, P. L. 345, 349, relating to mandamus.  The motion cannot be granted, as this section is repealed by the general Act of May 19, 1897, P. L. 67, regulating appeals, etc., to the Supreme and Superior Courts, section 22 of which, after specifically repealing certain statutes, provides: "And all other acts and parts of acts, general, special or local, appertaining to the subject-matter covered by this act, be and the same are hereby repealed; it being intended that this act shall apply to all appeals to the Supreme Court or Superior Court in any and every proceeding, and from any court whatsoever, and shall furnish a complete and exclusive system in itself on all appeals to such appellate courts." It is manifest that section 29 of the mandamus act appertains to the subject-matter of the provision just quoted and is therefore repealed; further, the later statute furnishing a complete and exclusive system repeals the earlier.  Again, as the Mandamus Act limits the right of appeal to twenty days, while the later

act applies to all cases and gives six months (now three months under the Act of March 12, 1925, P. L. 32·), the two are inconsistent and the former must give way.  Mr. Justice BROWN, speaking for the court in Scranton Sewer, 213 Pa. 4, says: "The permission to appeal within thirty days [in a street improvement case under the Act of May 16, 1891, P. L. 75] does not take away the right given by the Act of May 19, 1897, P. L. 67, to appeal within six months."   The question as to when and how far a later statute will work the repeal of an earlier one is considered in the opinion of the court by the present Chief Justice in Com. v. Curry, 285 Pa. 289; see also Hammond v. Aluminum Co. of America, 261 Pa. 370.

The motion to quash the appeal is denied and the order for the attachment is affirmed at the costs of appellants.