## Vavrek et al. v. Virusky.

Frank P. Slattery and Peter P. Jurchak, for plaintiffs.

G. J. Bruger and A. H. James, for defendant.

Jones, J., Feb. 24, 1930.—An alternative writ of mandamus was issued against Antonia Virusky, the supreme president of the Ladies' Pennsylvania Slovak Roman and Greek Catholic Union, upon the petition of more than two-thirds of the subsidiary branches thereof, commanding her to issue a call for a special convention of the union as required by its constitution. The answer to the writ contained a full and explicit denial of the material allegation that two-thirds of the branches had requested her to call the convention, raising an issue of fact to be decided by a jury.

Upon trial before a jury, when the testimony closed and the parties agreed that there was no disputed fact, the court directed the jury to return a special finding that more than two-thirds of all the branches of the union requested the defendant, as its supreme president, to call the convention and directed a verdict in favor of the plaintiffs.

Respondent filed a motion for judgment n. o. v. and a new trial, based upon the proposition that the verdict was against the law and the evidence, and the trial judge filed an opinion refusing the motion for a new trial and for judgment n. o. v., and the court en banc, after argument, sustains the action of the trial judge for the reasons set forth in the opinion filed by him.

In the meantime respondent died, her death was suggested on the record and a rule was granted upon Helen Panik, of the State of Connecticut, the vice-president of the organization, who became president under the laws of the union, to show cause why she should not be substituted as respondent; service of the rule was made upon her by registered letter, and upon the return day she made no appearance and filed no answer.

The mandamus proceedings did not abate by reason of the death of the president. Section 25 of the Mandamus Act of June 8, 1893, P. L. 345, provides that the death, resignation or removal from office by lapse of time or otherwise of any defendant shall not have the effect to abate the suit, but his successor may be made a party thereto and any peremptory writ shall be directed against him; and the rule is the same aside from the statute: Com. ex rel. v. Schmidt et al., 287 Pa. 150, and High's Extraordinary Legal Remedies (3rd ed.), § 443.

Therefore, we make the rule absolute and substitute Helen Panik, successor to Antonia Virusky, now deceased, the supreme president of said organization, as respondent; and a rule is directed to show cause why a peremptory writ of mandamus shall not be issued against her as the supreme president of the above organization, commanding her to issue a call for a special convention of the union, as required by its constitution and the opinion of this court filed in the above proceeding, returnable within ten days after legal service of the rule upon her.