## Commonwealth ex rel. Davis et al., Appellants, *v.* Reid.

Argued April 16, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Thomas Lack,* for appellants.

*Joseph C. McKeone,* Assistant District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 6, 1940:

A writ of alternative mandamus was issued to the then District Attorney of Chester County, calling upon him to begin proceedings against the Burgess of West Chester to compel him to take action against certain merchants of the Borough for alleged violations of an ordinance of the municipality. Answer was filed by the District Attorney and the case proceeded to a jury trial, which resulted in a verdict in his favor. Plaintiffs made a motion for judgment non obstante veredicto, which the court overruled. Judgment was entered for defendant and the peremptory mandamus was denied. From the order made and judgment entered, this appeal is taken by plaintiffs.

Subsequent to the taking of the appeal, the term of the District Attorney expired and another has assumed the office. Such being the situation, we are of opinion that this proceeding is moot. Whatever the rule may be as to other officials (see *Com. ex rel. v. Schmidt,* 287 Pa. 150, 134 A. 478), and the continuance of mandamus actions against their successors, it cannot prevail against District Attorneys, who are quasi-judicial officers *(Snyder's Case,* 301 Pa. 276, 152 A. 33) and who exercise a legal discretion involving judicial determination, any more than it can be invoked against a judge who has succeeded another judge in office. The duties of the District Attorney in such a proceeding as is here involved are judicial, he is in the first instance to decide whether he should proceed, and if he concludes he ought not to, he is entitled to the opportunity to present his position and the reasons therefor to the court and not to be prejudged by what his predecessor may have done, or because of some attitude which he may have assumed.

Appeal dismissed without prejudice. Appellants to pay the costs.