## Commonwealth v. Reis Enterprises, Inc.

*George J. Ivins,* Assistant City Solicitor, for plaintiff.

*Robert F. Simone,* for defendants.

KELLEY, J., May 22, 1963.—On April 4, 1963, a complaint in equity was filed in the names of the Commonwealth of Pennsylvania and the City of Philadelphia against defendants, Reis Enterprises, Inc., trading as the Celebrity Room, and Lillian Reis, to abate a nuisance as defined in section 611 of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §6-611, and in section 1 of the Act of June 23, 1931, P. L. 1178, 68 PS §467. Various violations of the above acts were cited as constituting the nuisance so alleged and the cause of action is founded exclusively on the statutes.

A rule was granted upon defendants to show cause why a preliminary injunction should not issue, and a hearing on the rule was held on April 17, 1963. Defendants' preliminary objections to the jurisdiction of the court over the subject matter were dismissed and, after a hearing, the rule was made absolute and a preliminary injunction was granted.

On April 22, 1963, a final hearing was held, after which the court continued the preliminary injunction and deferred its decision.

Subsequent to the final hearing in this matter, defendants directly challenged the right of the City of Philadelphia to bring this action and the authority of the city solicitor to represent the Commonwealth of Pennsylvania.

This action was instituted in the name of the City of Philadelphia and the Commonwealth of Pennsylvania by George J. Ivins, Assistant City Solicitor, and Edward G. Bauer, Jr., City Solicitor of the City of Philadelphia. The affidavit attached to the complaint was executed by Fred T. Corleto, Managing Director of the City of Philadelphia.

Plaintiffs predicate their cause of action upon section 611 of the Liquor Code, supra, and on section 1 of the Act of June 23, 1931, supra, relating to buildings used for the purpose of prostitution and assignation. Both acts provide that a violation thereof shall constitute a common nuisance and that an action to enjoin the nuisance so defined may be brought in the name of the Commonwealth by the Attorney General or the district attorney of the proper county: Liquor Code of April 12, 1951, supra, sec. 611(b): Act of June 23, 1931, supra, sec. 3.

Plaintiffs, nevertheless, contend that by virtue of section 4-400(d) of the Philadelphia Home Rule Charter the city solicitor may properly bring this suit in the name of the Commonwealth and the City of Philadelphia.

Section 4-400(d) provides as follows:

"(d) *Investigation and Law Enforcement.* With the approval of the Mayor, the Department shall investigate any violation or alleged violation within the City of the statutes of the Commonwealth of Pennsylvania

or the ordinances of the City which may come to its notice, and shall take such steps and adopt such means as may be reasonably necessary to enforce within the City such statutes and ordinances."

Preliminarily we note that section 4-400(d) is at best somewhat vague and ambiguous. The annotation accompanying the above provision states, inter alia. "This section is not intended to transfer to the Law Department the traditional prosecuting powers of the District Attorney, but it does empower the Law Department, short of exercising such powers, to act in the law enforcement field." Although this annotation is of little value in determining the authority vested in the city solicitor, it does evidence a realization on the part of the framers of the Home Rule Charter that the city solicitor could not supplant the district attorney.

Section 4-400(d) authorizes the Law Department to ". . . take such steps and adopt such means as may be reasonably necessary to enforce within the City such statutes and ordinances."

In view of the language of section 611(b) of the Liquor Code and section 3 of the Act of June 23, 1931, supra, which explicitly designates the Attorney General or the district attorney of the county concerned as the proper governmental official to institute court action to abate the statutory nuisances therein defined, we cannot conclude that the above section authorizes the city solicitor to by-pass the district attorney and institute this action. Construing section 4-400(d) in conjunction with section 611 of the Liquor Code, and section  of the Act of June 23, 1931, we hold that, although the city solicitor may investigate the type of violation here under consideration, there is no authority under the law for him to bring this action but only for the Attorney General or the district attorney. It

is for either of these officers, and not the city solicitor, after the result of investigations made regarding alleged violations of the statutes in question, to make a judgment and exercise their discretion as to whether or not a suit should be instituted.

It should be noted that section 5-200(a) of the Home Rule Charter provides that the Police Department shall "detect crime" and "aid in the administration and enforcement within the City of the statutes of the Commonwealth of Pennsylvania." This language is similar to that of section 4-400(d) yet no one could seriously contend that section 5-200(a) authorizes the Police Commissioner, as the head of the Police Department, to by-pass the district attorney and institute suit in the name of the Commonwealth to abate the statutory nuisance here under consideration.

It is contended by the city solicitor that by virtue of section 4-400(b) of the Home Rule Charter the law department is the attorney for all city officers. Conceding the fact that the district attorney is a city officer, section 4-400(b) has no application to the present case for two reasons: First, neither in the complaint nor in the testimony is specific mention made of any authorization of the city solicitor by the district attorney to represent the Commonwealth and, even if there had been, it would have been to no avail since the duties of the district attorney are non-delegable in nature: Commonwealth ex rel. Shumaker v. New York & Pennsylvania Company, Inc., 378 Pa. 359 (1954). Second, the Commonwealth is the proper party to the present action. The city solicitor represents the district attorney only when he is a party to the litigation (see, for instance, Kingsley International Pictures Corporation v. Blanc, 396 Pa. 448, 453 (1959) ), and not when the district attorney represents the Commonwealth as a party.

Moreover, if section 4-400(d) were to be construed as a grant of authority to the city solocitor to represent the Commonwealth in this matter, we would be compelled to hold that such grant of authority was beyond the permissible scope of the legislative and administrative powers granted to the city under the enabling act, Act of April 21, 1949, P. L. 665, 53 PS §§13101, et seq., and as such invalid.

The Home Rule Charter adopted by the City of Philadelphia pursuant to article XV, sec. 1, of the Pennsylvania Constitution is subject to the limitations imposed by the legislature in the enabling act. See Cali v. Philadelphia, 406 Pa. 290, 297 (1962).

Section 17 of the enabling act, 53 PS §13131, provides that "Subject to the limitations hereinafter prescribed . . . the city . . . shall have and may exercise all powers and authority of local self-government and shall have complete powers of legislation and administration in relation to its municipal functions" and the charter "may provide for a form or system of municipal government and for the exercise of any and all powers relating to its municipal functions, not inconsistent with the Constitution of the United States or of the Commonwealth, to the full extent that the General Assembly may legislate in reference thereto . . ."

Although section 17 of the enabling act grants to the city the power to exercise all powers and authority of local government, the city's powers of legislation and administration are restricted to matters relating to its municipal functions. It is clearly a legislative, and not a municipal, function to designate the officer to represent the Commonwealth in court proceedings.

The legislature has designated the district attorney as the officer to represent the Commonwealth in actions to abate a nuisance under section 611 of the Liquor Code and section 1 of the Act of June 23, 1931,

supra. Had the legislature intended to authorize the city solicitor to represent the Commonwealth in this type of action, the statutes would have so provided as in the Prohibition Enforcement Act of March 27, 1923, P. L. 34: Commonwealth v. Dietz, 285 Pa. 511, 515 (1926). It is a familiar maxim of statutory construction that mention of one thing in a law implies the exclusion of other things mentioned (expressio unius est exclusio alterius): Commonwealth ex rel. Maurer v. Witkin, 344 Pa. 191, 196 (1942); Scott Township Appeal, 388 Pa. 539, 543 (1957); Cali v. Philadelphia, 406 Pa. 290, 306 (1962).

Any attempt by the city, through the Home Rule Charter, to designate the attorney for the Commonwealth is clearly invalid in view of the limiting language of section 17 of the enabling act.

Furthermore, conceding the fact that by virtue of the City-County Consolidation Amendment, article XIV, sec. 8, of the Pennsylvania Constitution, the district attorney became a city officer, that amendment specifically provides that former county officers should continue to perform their duties as prescribed by the Constitution and the laws of the Commonwealth until otherwise provided by the General Assembly. It is clear, therefore, that only an act of the General Assembly may alter or modify the duties and functions of the district attorney: Lennox v. Clark, 372 Pa. 355 (1953); Commonwealth ex rel. Truscott v. Philadelphia, 380 Pa. 367 (1955).

The Act of May 3, 1850, P. L. 654, sec. 1, 16 PS §9952, has set forth the functions and duties of the district attorney as follows:

". . . The officer so elected shall sign all bills of indictment, *and conduct in court all criminal and other prosecutions in the name of the commonwealth, or when the state is a party,* which arise in the county for which he

is elected, and perform all the duties which now by law are to be performed by deputy attorneys general . . ." (Italics supplied.)

The district attorney acts in behalf of and under the authority of the Commonwealth and "he is bound to follow the business of the Commonwealth into whatever courts in the county that business is authorized by law to be tried": Commonwealth ex rel. Attorney General v. Hipple, 69 Pa. 9, 15 (1871).

It is beyond dispute that the district attorney is a quasi-judicial officer: Commonwealth v. Williams, 309 Pa. 529, 535 (1932); Commonwealth v. Cicere, 282 Pa. 492, 495 (1925); Commonwealth v. Kettering, 180 Pa. Superior Ct. 247 (1956); and that he exercises a judicial discretion in determining whether or not to proceed with an action: Commonwealth ex rel. Davis v. Reid, 338 Pa. 351 (1940). This discretion has been vested in the Attorney General or the district attorney exclusively, and the city, through the Home Rule Charter, cannot alter or modify this duty and function by authorizing the city solicitor to exercise his discretion, independent of the Attorney General or district attorney, and institute suit in the name of the Commonwealth.

It should be noted that section 611(a) of the Liquor Code and section 1 of the Act of June 23, 1931, supra, provide that anyone who maintains a nuisance as defined therein shall be guilty of a misdemeanor. Certainly there is no doubt that it is only the Attorney General or the district attorney who can determine whether a person should be indicted and tried for the criminal offense of maintaining a common nuisance; it is just as emphatically their duty to determine whether a prosecution should be instituted in the name of the Commonwealth to abate a nuisance. We need only refer to the statutes under which the present action has

been instituted. Both statutes clearly place the cause of action in the Commonwealth exclusively. This is not an action to abate a common law nuisance adversely affecting only the residents of the City of Philadelphia nor an action in equity to enforce a duly enacted city ordinance but rather an action to abate a statutory nuisance which the legislature has declared affects the health, safety and welfare of the Commonwealth as a whole.

For the above reasons, we conclude that this action was improperly brought by the city solicitor in the name of the Commonwealth and that the City of Philadelphia is not a proper party plaintiff. We are not at liberty, therefore, to make an adjudication on the merits.

Accordingly, we enter the following

Order

And now, to wit, May 22, 1963, the preliminary injunction entered on April 17, 1963, is hereby dissolved and plaintiffs' complaint in equity is dismissed.